```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :
         -v-                                                   :
                                                               :     21-cr-753 (LJL)
ANDREW WARREN,                                                 :
                                                               :     MEMORANDUM AND
                                       Defendant.              :         ORDER
                                                               :
---------------------------------------------------------------:
                                                               :
                                                               X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/7/2024
```

LEWIS J. LIMAN, United States District Judge:

Defendant Andrew Warren moves, pursuant to 18 U.S.C. § 3583(e)(1), for early termination of his term of supervised release. Dkt. No. 7. The Government opposes the motion. Dkt. No. 9.

Mr. Warren was sentenced to a 65-month term of imprisonment and ten years' supervised release by the Honorable Ellen S. Huvelle of the United States District Court for the District of Columbia on March 3, 2011. His sentence followed his conviction upon plea of guilty to one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and one count of possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). His term of supervised release began on January 14, 2015, and is scheduled to expire on January 13, 2025. On January 17, 2017, Mr. Warren moved for early termination of supervised release before Judge Huvelle. Judge Huvelle denied the motion. On December 14, 2021, Mr. Warren's supervised release jurisdiction was transferred to this Court and to the undersigned. Dkt. No. 1.

Section 3583(e)(1) of Title 18 of the United States Code empowers the Court to terminate a term of supervised release at any time after the expiration of one year of a supervised release

term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1).  The Court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  18 U.S.C. § 3583(e).  In short, the Court is required to consider the factors in Section 3553(a) "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Gonzalez*, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases."  U.S.S.G. § 5D1.2, comment. (n.5) (2021 manual).  "Early termination 'is not warranted as a matter of course.'" *United States v. Wheeler*, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)).  On occasion, "changed circumstances" may make it appropriate for a court to reduce a term of supervised release. *Lussier*, 104 F.3d at 36.  Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release which may "render a previously imposed term or condition of release . . . too harsh or inappropriate tailored to serve the general punishment goals of section 3553(a)."  *Id.*  However, new or changed circumstances are not required so long as the Court considers the 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

      Mr. Warren argues that since his conviction and release from prison he has spent most of the last eight years volunteering as a minister with the Samaritan Outreach Ministries and the Church of the Covenant and as a Certified Recovery Peer Advocate, a Certified Addictions Recovery Coach, and a Veteran Supported Recovery Professional.  Dkt. No. 7 at 8; *see also id.* at 12-13.  That argument is not disputed by the Government and is supported by an impressive set

of letters. He ascribes his criminal conduct to his challenges with drug addiction, Dkt. No. 7 at 2–3, and bases his argument for early release on the fact that he has spent the past eight years working on his sobriety, *id.* at 8. However, while it is clear that Mr. Warren has devoted himself to trying to be free of drugs, it also is clear that that effort has had its challenges and has not always been successful. He relapsed in 2015, and then multiple times in 2020. *Id.* at 11–12. He has submitted an Amendment to his motion in which he admits that three weeks after his original submission he relapsed and entered into a rehabilitation program. Dkt. No. 10 at 1. That relapse involved the use of cocaine. Dkt. No. 9 at 4 n.2. The Court has been informed that the Probation Office no longer supports early termination. *Id.*

It is clear from Mr. Warren's submission that, while he is devoted to his rehabilitation and recovery, he still can benefit from the services of the United States Probation Office. Given the nature and gravity of his criminal activity and its admitted connection to his usage of drugs, it also is clear that continuation of his period of supervised release would provide protection to the public. After considering the relevant statutory factors, the Court denies Mr. Warren's motion without prejudice.

## CONCLUSION

The motion is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 7.

SO ORDERED.

Dated: February 7, 2024
  New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3